**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIANA ITIOWE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>THE UNITED STATES GOVERNMENT,<br>et al.,<br><br>　　　　　Defendants. | Civil Action No. 14-6342 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

　　　　This matter comes before the Court on several motions. Defendants the City of Trenton, City of Trenton Police Department, and City of Trenton Municipal Court (collectively, "Trenton Defendants"); Defendants the State of New Jersey, New Jersey Department of Human Services, Division of Mental Health and Addiction Services, Trenton Psychiatric Hospital, and the Division of Civil Rights (collectively, "State Defendants"); and Defendants United States Government, House of Representatives, Federal District Court of New Jersey – Trenton, Third Circuit Court Executive Office, USCIS Agency Director, Department of Homeland Security, United States Department of Justice, and Supreme Court of Washington DC (collectively, "Federal Defendants") filed separate motions to dismiss pro se Plaintiff Christiana Itiowe's ("Plaintiff") Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] (ECF Nos. 11, 20, 27.) Plaintiff filed a cross-motion to amend her Complaint (ECF No. 12) and filed three motions requesting expedited handling (ECF Nos. 34, 43, 44).

---

[1] Defendant Superior Court of New Jersey is the only defendant that has not moved to dismiss the Complaint.

On October 14, 2014, Plaintiff filed an incomprehensible Complaint against numerous federal, state, and local government entities alleging the "continuous violations of [her] civil rights." (Compl. 3, ECF No. 1.) In her Complaint, Plaintiff additionally alleges a range of causes of action, including discrimination, retaliation, harassment, intentional infliction of emotional distress, and intimidation. Plaintiff's allegations appear to stem from the "mishandling" of two prior cases before the Honorable Joel A. Pisano, *Itiowe v. Robert Wood Johnson University Hospital Hamilton, et al.*, No. 12-6977, and *Itiowe v. The Trentonian, et al.*, No. 13-5779. Both actions were dismissed, and the Third Circuit either affirmed or dismissed Plaintiff's appeals. Plaintiff now seeks $500 billion in alleged damages sustained for her severe emotional trauma. Plaintiff has also filed a cross-motion to amend her Complaint, seeking to correct clerical typos and some of the defendants' addresses. (ECF No. 12.) Additionally, since filing the Complaint, Plaintiff has filed numerous items of correspondence with this Court that are as incomprehensible as Plaintiff's Complaint. (ECF Nos. 19, 21, 22, 25, 26, 28, 29, 30, 31, 32, 33, 39, 40, 41, 42.)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, even a pro se pleading is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The Court need not, however, credit a *pro se*

plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Thus, a *pro se* complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Rhett v. N.J. State Superior Court*, No. 07-2303, 2007 WL 1791264, at *2 (D.N.J. June 19, 2007) *aff'd*, 260 F. App'x 513 (3d Cir. 2008) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

When a complaint is subject to a Rule 12(b)(6) dismissal, amendment should be permitted unless it is prejudicial or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The futility of an amendment is assessed under the same standard as Rule 12(b)(6); therefore, a plaintiff must be allowed to amend a complaint subject to such a dismissal "unless the amendment would not cure the deficiency." *Id.*

Here, Plaintiff's rambling pleadings contain mostly unintelligible allegations against sixteen different defendants. Plaintiff only offers broad labels and conclusions and does not provide any facts to support her claims. Additionally, Plaintiff's proposed amended complaint does not clarify the allegations against any of the defendants but only addresses clerical changes and typos. Plaintiff's Complaint does not provide Defendants with fair notice of what the claim is or on what factual grounds it is based. Further, based on the information in Plaintiff's Complaint, the Court cannot determine if proper subject matter jurisdiction exists over this action. Federal Rule of Civil Procedure 8(a) mandates that Plaintiff's Complaint set forth (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief. Because Plaintiff's Complaint

does not comply with either of Rule 8(a)'s requirements, Plaintiff's Complaint is dismissed. The Complaint, however, will be dismissed without prejudice to the filing of an amended complaint adhering to Rule 8(a) pleading requirements.

Accordingly, **IT IS**, on this 14th day of September 2015, **ORDERED** that:

1. Trenton Defendants, State Defendants, and Federal Defendants' motions to dismiss (ECF Nos. 11, 20, 27) are GRANTED;

2. Plaintiff's Complaint is DISMISSED without prejudice to the filing of an amended complaint adhering to the requirements of Federal Rule of Civil Procedure 8(a)[2];

3. If Plaintiff fails to amend her Complaint within **45 days** of the date of the entry of this Memorandum Order, the Complaint will be dismissed with prejudice and the matter will be closed;

4. Plaintiff's cross-motion to amend her Complaint (ECF No. 12) and motions requesting expedited handling (ECF Nos. 34, 43, 44) are DENIED as moot; and

5. The Clerk shall serve this Memorandum Order upon Plaintiff.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] In drafting her amended complaint, Plaintiff is advised to adhere to Federal Rule of Civil Procedure 8(a), which requires (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for judgment for the relief the pleader seeks." Plaintiff's failure to do so will result in dismissal of the amended complaint with prejudice.