**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRISTIANA ITIOWE,

    Plaintiff,

v.

THE UNITED STATES GOVERNMENT, et al.,

    Defendants.

Civil Action No. 14-6342 (MAS) (TJB)

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff Christiana Itiowe's ("Plaintiff") motion to reopen the case, attaching a proposed amended complaint. (ECF No. 46.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is denied.

**I.    Background**

On September 14, 2015, this Court dismissed Plaintiff's Complaint without prejudice to the filing of an amended complaint adhering to the requirements of Rule 8(a) of the Federal Rules of Civil Procedure ("September 14 Order"). (ECF No. 45.) The September 14 Order specifically warned Plaintiff that the failure to comply with Rule 8(a) would result in the dismissal of the amended complaint with prejudice.

Plaintiff's proposed amended complaint seeks to add additional defendants: City of Hamilton, N.J. (including Hamilton Township Police and Hamilton Township Municipal Court, May Kelly Yaede, Lynn Hoagland (Hamilton Municipal Court Director), James W. Collins (Chief of Police), New Jersey Motor Vehicle Commission, Mr. Raymond P. Martinez (Chairman and

Chief Administrator), agency office manager, New Jersey State Police, Mr. Rick Fuentes, G&E Auto Body, and Rich. (Am. Compl. 1, ECF No. 46-1.) Additionally, Plaintiff asserts that this Court has jurisdiction based on "[v]iolations of my civil/humanity rights," "Conspiracy, Retaliation, Unlawful harassment, Disability Discrimination, Discrimination, Intimidation, Trespassing, Stalking, Fraud, False Arrest, Kidnapping, Unlawful/Illegal Search and Seizure, invasion of privacy, Auto Theft," "US constitutional rights violated-Rights to present a case matter in court and without being attacked and abused (Discrimination), freedom of speech rights, freedom to the press rights, rights to a fair trial, 4th amendment right (illegal/unlawful search and seizure," and numerous violations of New Jersey state law. (*Id.* at 4-5.) The allegations in Plaintiff's proposed amended complaint still appear to stem from the "mishandling" and "conspiracy" associated with two prior cases before the Honorable Joel A. Pisano, *Itiowe v. Robert Wood Johnson University Hospital Hamilton, et al.*, No. 12-6977, and *Itiowe v. The Trentonian, et al.*, No. 13-5779. Both actions were dismissed, and the Third Circuit either affirmed or dismissed Plaintiff's appeals. Plaintiff additionally asserts an even wider conspiracy than that which was included in her Complaint involving all levels of government including this courthouse.

## II. Discussion

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at

94. Even a pro se pleading is required, however, to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Thus, a *pro se* complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Rhett v. N.J. State Superior Court*, No. 07-2303, 2007 WL 1791264, at *2 (D.N.J. June 19, 2007), *aff'd*, 260 F. App'x 513 (3d Cir. 2008) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

Plaintiff's proposed amended complaint still runs afoul of Rule 8(a). The amended complaint contains mostly unintelligible allegations, now, against at least twenty defendants. Plaintiff still offers only broad labels and conclusions of conspiracy, but does not provide any facts to support her wide arching conspiracy that includes every level of government. Plaintiff's proposed amended complaint does not clarify her allegations or the basis for this Court's jurisdiction. Furthermore, Plaintiff's proposed amended complaint does not provide the defendants with fair notice of what the claim is or on what factual grounds it is based. Plaintiff has failed to comply with the September 14 Order.

III.     **Conclusion**

For the reasons set forth above, Plaintiff's motion to reopen the case is denied. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** October 30, 2015